_____

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | **JS-6** |
| CENTRAL DISTRICT OF CALIFORNIA | | |
| CIVIL MINUTES – GENERAL | | |

Case No.: 8:23-cv-01772-FWS-JDE                                                   Date: March 27, 2024
Title: Alan Berg v. FedEx Freight, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND [10] AND REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT**

Before the court are Plaintiff Alan Berg's ("Plaintiff") Motion to Remand ("Motion" or "Mot."). (Dkt. 10.) Defendant FedEx Freight, Inc. ("Defendant FedEx") opposes the Motion ("Opposition" or "Opp."). (Dkt. 13.) Plaintiff also filed a Reply ("Reply"). (Dkt. 14.) The court found this matter appropriate for resolution without oral argument and took the matter under submission on November 27, 2023. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the court **GRANTS IN PART AND DENIES IN PART** the Motion to Remand.

### I.     Background

On July 27, 2023, Plaintiff filed a Complaint in Los Angeles County Superior Court, asserting claims for age discrimination, disability discrimination, failure to accommodate,

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01772-FWS-JDE                                                    Date: March 27, 2024
Title: Alan Berg v. FedEx Freight, Inc. *et al.*

___

failure to engage in the interactive process, retaliation under the Fair Employment and Housing Act ("FEHA"), California Government Code § 12900 *et seq.*, retaliation under California Labor Code § 1102.5, and wrongful termination against Defendant FedEx, as well as a claim for defamation under California Labor Code §§ 45 and 46 against both Defendant FedEx and Defendant Gerardo Arechiga. (Dkt. 1 ¶ 3 & Exh. 1 ("Compl.").) On August 23, 2023, Plaintiff served Defendant. (*Id.* ¶ 4 & Exhs. 1-2.) On September 20, 2023, Defendant FedEx filed an answer. (*Id.* ¶ 5 & Exh. 3.) Plaintiff served Defendant Arechiga on October 17, 2023, (Mot., Exh. 1); Defendant Arechiga has not filed a responsive pleading. (*See generally* Dkt.)

On September 21, 2023, Defendant FedEx removed to federal court pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). (Dkt. 1 ¶¶ 9-26.) In the Notice of Removal, Defendant FedEx alleges complete diversity exists because: (1) Plaintiff is a resident of California; (2) Defendant FedEx is a citizen of Arkansas and Tennessee; and (3) Defendant Arechiga was fraudulently joined such that his California citizenship should be disregarded. (*Id.* ¶¶ 11-15.) In the Motion, Plaintiff argues that Defendant Arechiga was not fraudulently joined, and thus the court lacks subject matter jurisdiction over this action. (Mot. at 9, 18-22.)

## II.     Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01772-FWS-JDE　　　　　　　　　　　　Date: March 27, 2024
Title: Alan Berg v. FedEx Freight, Inc. *et al.*

from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). If a party is a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members, must be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson*, 437 F.3d at 899. If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

　　　"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### III. Discussion

　　　Plaintiff argues that this matter should be remanded because the parties are not completely diverse as required by 28 U.S.C. § 1332. (Mot. at 2.) The parties agree that Plaintiff and Defendant Arechiga are citizens of California, Defendant FedEx is a citizen of Tennessee and Arkansas, and the amount in controversy exceeds $75,000 and dispute only whether Defendant Arechiga's citizenship can be disregarded under the doctrine of fraudulent

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-01772-FWS-JDE                 Date: March 27, 2024
Title: Alan Berg v. FedEx Freight, Inc. *et al.*

---

joinder.  (*See* Mot. at 11, 14-15; Opp. at 10.)  In sum, the court's subject matter jurisdiction depends upon whether Defendant Arechiga was fraudulently joined.  (*See* Mot. at 14-15; Opp. at 12-18.)

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).  However, courts apply both a "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 566, and a "general presumption against fraudulent joinder," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted).  Accordingly, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden'" of proving fraudulent joinder by "clear and convincing evidence."  *Grancare*, 889 F.3d at 548; *see also Hamilton Materials*, 494 F.3d at 1206 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

Fraudulent joinder may be established through: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  Under the second method, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

Defendant FedEx argues that Defendant Arechiga is fraudulently joined because Plaintiff has failed to state a defamation claim against Defendant Arechiga and cannot allege a viable defamation claim.  (Opp. at 11-16.)  Under California law, "[t]he elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage."  *John Doe 2 v. Superior Ct.*, 1 Cal. App.

---

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-01772-FWS-JDE            Date: March 27, 2024
Title: Alan Berg v. FedEx Freight, Inc. *et al.*

___

5th 1300, 1312 (2016) (quoting *Wong v. Jing*, 189 Cal. App. 4th 1354, 1359 (2010)). "The defamatory statement must specifically refer to, or be 'of and concerning,' the plaintiff." *Id.* (quoting *Blatty v. N.Y. Times. Co.*, 42 Cal. 3d 1033, 1042 (1986)). As discussed above, the Complaint asserts a single claim for defamation against Defendant Arechiga based on his allegedly false and defamatory statements suggesting that Plaintiff refused to take a drug test, used drugs, violated Defendant FedEx's policy, and engaged in misconduct. (*See, e.g.*, Compl. ¶¶ 13, 73-87.)

     The court finds that Defendant FedEx has not met its burden of demonstrating by clear and convincing evidence that Defendant Arechiga was fraudulently joined for two reasons. First, although the Complaint contains limited allegations regarding Defendant Arechiga's defamatory statements, Defendant FedEx's arguments that the Complaint currently fails to allege either a publication or unprivileged statements are insufficient to discharge its burden. *See Cervantes v. Wells Fargo Bank, N.A.*, 2015 WL 2127215, at *3 (C.D. Cal. May 6, 2015) ("'[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant.'"). Even if Plaintiff has not alleged a claim for defamation against Defendant Arechiga in the Complaint, Defendant FedEx must show that Plaintiff "would not be afforded leave to amend his complaint to cure the purported deficiency." *Menchaca v. Howmet Aerospace, Inc.*, 2023 WL 2504995, at *4 (C.D. Cal. Mar. 14, 2023) (alteration and citation omitted); *see also Hill v. Airgas USA, LLC*, 2023 WL 9005648, at *2 (C.D. Cal. Nov. 3, 2023) ("The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so.") (citation omitted). Further, "doubt arising from merely inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." *Id.* (quoting *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983)).

     Second, Defendant FedEx has not shown that Plaintiff could not establish a viable defamation claim against Defendant Arechiga under any circumstances, including in an amended pleading. Defendant FedEx contends Plaintiff cannot show Defendant Arechiga's

_____

|  UNITED STATES DISTRICT COURT   | JS-6 |
|---|---|
|  CENTRAL DISTRICT OF CALIFORNIA | |

**CIVIL MINUTES – GENERAL**

| Case No.: 8:23-cv-01772-FWS-JDE | Date: March 27, 2024 |
|---|---|
| Title: Alan Berg v. FedEx Freight, Inc. *et al.* | |

purported statements were "unprivileged" as a matter of law because the alleged defamatory statements were covered by the managerial privilege and California Civil Code § 47(c)'s common interest privilege. (Opp. at 12-17.) But neither privilege conclusively forecloses Plaintiff's defamation claim.

With respect to the "managerial privilege," numerous district courts have noted that "the doctrine of managerial immunity was established by California courts in the context of claims involving intentional interference with a contractual relationship against a supervisor who determined to fire the plaintiff," and it is unclear whether the doctrine applies to distinct tort claims. *Sanchez v. Lane Bryant*, 123 F. Supp. 3d 1238, (2015) (citing *Huynh v. Vu*, 111 Cal. App. 4th 1183, 1195 (2003)); *see also Madayag v. McLane/Suneast, Inc.*, 2017 WL 30014, at *6 (collecting cases finding that the managerial privilege did not apply to claims other than intentional interference with a contractual relationship). Because "any potential failure to state a defamation cause of action due to managerial immunity would not be 'obvious according to the settled rules of [California],'" the court finds Defendant FedEx's managerial immunity argument insufficient to show that Plaintiff could not state a defamation claim. *Madayag*, 2017 WL 30014, at *6 (quoting *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016)).

Next, with respect to the common interest privilege, the court finds Defendant FedEx's arguments insufficient because Defendant FedEx: (1) failed to demonstrate that the privilege applies based on the Complaint's allegations; and (2) again attacks the sufficiency of Plaintiff's defamation allegations, rather than the futility of the defamation claim. California Civil Code § 47(c) "extends a conditional privilege against defamation to statements made without malice on subjects of mutual interest." *Hawran v. Hixson*, 209 Cal. App. 4th 256, 287 (2012) (citations omitted). The privilege applies "where the communicator and the recipient have a common interest," such as "where the parties to the communication share a contractual, business or similar relationship or the defendant is protecting his own pecuniary interest," and "the communication is of a kind reasonably calculated to protect or further that interest." *Id.* (citations omitted). "Communications made in a commercial setting relating to the *conduct of*

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-01772-FWS-JDE                          Date: March 27, 2024
Title: Alan Berg v. FedEx Freight, Inc. *et al.*

_____

*an employee* have been held to fall squarely within the qualified privilege for communications to interested persons." *Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908, 949 (2017) (quoting *Cuenca v. Safeway S.F. Emps. Fed. Credit Union*, 180 Cal. App. 3d 985, 995 (1986)).

      However, this privilege is not absolute, and a plaintiff can "defeat [the] qualified privilege" by demonstrating "actual malice," or "that the publication was motivated by hatred or ill will towards the plaintiff *or* . . . that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard for the plaintiff's rights." *Noel v. River Hills Wilsons, Inc.*, 113 Cal. App. 4th 1363, 1370 (2003). The defendant "generally bears the initial burden of establishing that the statement in question was made on a privileged occasion, and thereafter the burden shifts to [the] plaintiff to establish that the statement was made with malice." *Taus v. Loftus*, 40 Cal. 4th (2007).

      Defendant FedEx argues that Defendant Arechiga's allegedly defamatory statements are privileged because the statements were made in his capacity as Plaintiff's supervisor in order to justify Plaintiff's termination and Plaintiff has failed to adequately allege malice. (Opp. at 13-16.) Although the common-interest privilege may apply "to statements by management and coworkers to other coworkers explaining why an employer disciplined an employee," *McGrory v. Applied Signal Tech., Inc.*, 212 Cal. App. 4th 1510, 1538 (2013), the portions of the Complaint cited by Defendant FedEx do not conclusively demonstrate that Defendant Arechiga's statements occurred within this context so as to qualify for the privilege. (*See* Opp. at 13-16.)

      Moreover, even if the common interest privilege did apply, Defendant FedEx has failed to show Plaintiff could not establish malice. The Complaint generally alleges that Plaintiff was wrongfully terminated for refusing to take a drug test and that Defendants caused "excessive and unsolicited internal and external publications of defamation" regarding Plaintiff "to third persons and to the community" that implied "that Plaintiff violated company policy" and made Plaintiff appear to be "a drug user who was hiding his drug use." (Compl. ¶¶ 8-16, 74.) The Complaint also alleges Defendant Arechiga published these statements "in his role as Employee Relations Manager and individually" "with hatred and ill will towards Plaintiff and the desire

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-01772-FWS-JDE                          Date: March 27, 2024
Title: Alan Berg v. FedEx Freight, Inc. *et al.*

_____

and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment[,] and employability." (*Id.* ¶¶ 74, 85.) The court finds these allegations are sufficient to demonstrate "a possibility that a state court would find that the [C]omplaint" alleges malice such that the common interest privilege would not apply. *See, e.g.*, *Johnson v. Wells Fargo & Co., Inc.*, 2014 WL 6475128, at *9 (C.D. Cal. Nov. 19, 2014) (finding allegations "sufficient to plead malice, at least for purposes of avoiding removal on the basis of fraudulent joinder" and rejecting privilege argument under California Civil Code § 47(c) where allegedly defamatory statements were made against employee in retaliation and to justify wrongful termination). Therefore, the court concludes Defendant FedEx's common interest privilege argument also fails to demonstrate that Plaintiff's defamation claim against Defendant Arechiga is futile.

      In sum, Plaintiff has shown "a possibility of recovery" against Defendant Arechiga based on the conduct alleged in the complaint. *Grancare*, 889 F.3d at 550. As a result, the court concludes Defendant FedEx has not met its burden of showing that Defendant Arechiga was fraudulently joined such that his citizenship should be disregarded for purposes of establishing diversity jurisdiction. *See* 28 U.S.C. § 1332 (diversity jurisdiction requires that the suit is between citizens of different states and the amount in controversy exceeds $75,000). Because the court finds that Defendant Arechiga is not a sham defendant, the court also finds that complete diversity jurisdiction is lacking between each of the named parties. *See Caterpillar Inc.*, 519 U.S. at 68 (stating diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."); *Kuntz*, 385 F.3d at 1181 ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."). Absent complete diversity jurisdiction, the court lacks subject matter jurisdiction over this matter and remand to state court is appropriate. Therefore, the Motion is **GRANTED**.

      Finally, Plaintiff argues the court should award Plaintiff $3,400 in attorney's fees under 28 U.S.C. § 1447(c) because Defendant FedEx knew its fraudulent joinder argument was "specious" at the time the of removal. (Mot. at 22.) Defendant FedEx argues no sanctions are warranted because there was a reasonable basis for removal. (Opp. at 18.)

_____

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01772-FWS-JDE            Date: March 27, 2024
Title: Alan Berg v. FedEx Freight, Inc. *et al.*

    Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  "Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id*.  "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

    In this case, the court's review of the relevant case law indicates that "fraudulent joinder issues related to defamation causes of action have been challenged a myriad of times and result[ed] in different outcomes depending on the facts of each matter."  *Casimere v. Int'l Line Builders, Inc.*, 2024 WL 5300, at *6 (C.D. Cal. Jan. 4, 2024); *see also Madayag*, 2017 WL 30014, at *7 ("Given that there is some disagreement among the courts as to the appropriate standard for analyzing fraudulent joinder, Defendants' decision to attempt removal was not unreasonable.").  Accordingly, the court concludes Defendant FedEx did not lack an objectively reasonable basis for seeking removal and **DENIES** Plaintiff's request for attorney's fees.

### IV. Disposition

    For the reasons stated above, the court **GRANTS** Plaintiff's Motion to Amend and Motion to Remand.  The court **REMANDS** this action to Orange County Superior Court, as case number 30-2023-01339190-CU-WT-NJC.  The Clerk of Court is respectfully directed to **CLOSE** this matter.

    **IT IS SO ORDERED.**

                                                                           Initials of Deputy Clerk:

___